FILED
SUPERIOR COURT
OF GUAM

2014 SEP 29 PM 4: 59

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANTHONY ANDY TAPIA,<br><br>     Plaintiff,<br><br>  v.<br><br>VELMA ALICE TAPIA,<br><br>     Defendant. | DOMESTIC CASE NO. DM 0193-14<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 15th day of September, 2014. Plaintiff Anthony Andy Tapia is *pro se*, and Attorney Seaton M. Woodley, III represents the Defendant. As the Court was in the midst of a jury trial, the Court took the Defendant's Motion to Dismiss under advisement without benefit of oral argument. For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

The Plaintiff filed a Verified Complaint for Divorce on April 7, 2014, in the Superior Court of Guam, seeking divorce on the basis of extreme mental cruelty, and requesting all of the community property and none of the community debt. The Plaintiff also sought primary custody over the children of the parties, who reside with the Defendant in Connecticut, and child support. On June 2, the Defendant filed a Motion to Dismiss, arguing that the Court lacked

personal jurisdiction over her, that Guam was an inconvenient forum for the Defendant, that the Plaintiff had requested relief which the Court had no jurisdiction to grant, and for the Plaintiff's failure to comply with pleading requirements. That motion was accompanied by a declaration stating that the Defendant has never lived, resided, or worked in Guam, has no property located in Guam, and rather is a resident of the State of Connecticut. The Defendant also declared that to the best of her knowledge, the Plaintiff was on Guam only due to his naval assignment.

At a scheduling conference on July 2, the Court granted the Plaintiff, then represented by counsel, a continuance of the motion hearing. On August 6, the Plaintiff represented himself pro se, stating that his previous counsel had not relayed his wishes regarding ownership of the family home and custody of the children. The Court instructed the Plaintiff to examine the Rules of Civil Procedure and Local Rules, gave the Plaintiff until September 8 to respond to the Defendant's motion, and set the motion hearing for September 15, 2014. On August 29, the Defendant's counsel filed a declaration stating that the Defendant had initiated a divorce action against the Plaintiff in the Superior Court of Connecticut, and that the Plaintiff had been served the complaint and summons for the Connecticut action. The Plaintiff did not file a response to the motion to dismiss. On September 15, the Court, being in the midst of a jury trial, took the motion under advisement on the pleadings.

## DISCUSSION

### I. Personal Jurisdiction

19 GCA § 8318(a) provides the residency requirement for divorces on Guam, and reads:

> A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage. For purposes of this Section, a person shall be deemed a resident if one (1) of the parties has been assigned with the U.S. Military to a unit on Guam or a ship home-ported in Guam for at least ninety (90) days immediately preceding the filing of a complaint for

divorce or dissolution of marriage or if one (1) of the parties is physically present in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage. Physical presence by one of the parties in Guam for a period of ninety (90) days prior to filing of the action for divorce or dissolution of marriage shall give rise to a conclusive presumption of compliance with this Section.

19 GCA § 8318(a) (2005).

The Plaintiff has submitted a verified complaint for divorce that states that he has resided on Guam for more than ninety days. Pl.'s Verified Compl. 1, Apr. 7, 2014. The Defendant's Declaration also states that to the best of the Defendant's knowledge, the Plaintiff is assigned to Naval Station, Guam. Def.'s Decl. 3, May 29, 2014. The Court finds that the Plaintiff has been a resident of Guam for at least ninety days immediately preceding filing of the complaint for divorce, and thus the requirement of § 8318(a) is met.

Guam's long-arm statute authorizes the Superior Court of Guam to exercise personal jurisdiction "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 GCA § 14109 (2005). Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, courts may only exercise personal jurisdiction over the defendant if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" PCI Commc'ns Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17 (alteration in original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Because Guam's long-arm statute reaches as far as the federal Constitution allows, "[A] court analyzing personal jurisdiction under Guam's long-arm statute, simultaneously analyzes the issue of constitutional due process." Banes v. Superior Court, 2012 Guam 11 ¶ 17. In another divorce case, the Supreme Court ruled that the defendant had no contacts with Guam, because "she has never resided, worked in, or visited Guam." Speicher v. Speicher, 2013 Guam 11 ¶ 9.

Similarly, in the case at bar, the defendant declares that she resides in Connecticut, owns a home in Connecticut, and works in Connecticut. Def.'s Decl. 1-2, May 29, 2014. She has never lived in Guam and never worked in Guam. Id. at 1. The Plaintiff has not filed an opposition or made an argument that the Plaintiff does have the minimum contacts with Guam requisite for the Court to assert jurisdiction, and nothing else in the record provides any reason to doubt the veracity of the Defendant's declaration. The Court lacks personal jurisdiction over the Defendant.

## II. Divisible Divorce

Yet despite the lack of personal jurisdiction, the Court is not foreclosed from adjudicating the dissolution of marriage aspect of the Plaintiff's complaint. "Divisible divorce is based on the principle under which 'financial responsibility and marital status may be separately litigated at different times and in different forums.'" Speicher v. Speicher, 2013 Guam 11 ¶ 17 (quoting In re Marriage of Gray, 251 Cal. Rptr. 846, 850 (Ct. App. 1988). The Full Faith and Credit Clause of the federal Constitution requires recognition of the divorce decree notwithstanding the lack of jurisdiction over the property matters of at least one of the married spouses. See id. The Superior Court of Guam has jurisdiction to adjudicate the Plaintiff's Complaint for Divorce despite its lack of personal jurisdiction over the Defendant, and thus its inability to adjudicate the property interests of the parties. Divisible divorce "is more than a jurisdictional concept." Speicher v. Speicher, 2013 Guam 11 ¶ 18 (quoting Hull v. Superior Court, 352 P.2d 161, 165 (Cal. 1960)). It has an important public policy purpose to make sure that the dissolution of an unworkable and injurious marriage is not prevented by property disputes. See Speicher v. Speicher, 2013 Guam 11 ¶ 18.

Similarly, the Court may not exercise jurisdiction over child custody matters, as the children's home state is Connecticut rather than Guam, and also the Court lacks personal jurisdiction over the Defendant. See 7 GCA § 39201(a)(1) (restricting the Superior Court of Guam's jurisdiction to make child custody determinations to cases in which Guam is the home State of the child). But the lack of jurisdiction over child custody does not foreclose the Court's limited jurisdiction over the marriage relationship. See Speicher v. Speicher, 2013 Guam 11 ¶¶ 16-19. Instead, "[t]he power to prevent a final dissolution should be used only when necessary to preserve the authority of the court." Speicher v. Speicher, 2013 Guam 11 ¶ 19 (quoting Hull v. Superior Court, 352 P.2d 161, 163 (Cal. 1960)). The Court has jurisdiction to adjudicate the marital status of the parties.

## III. Comity

On August 29, 2014, the Court was informed that the Defendant has filed a divorce action against the Plaintiff in the Superior Court of the State of Connecticut. Decl. of Counsel 1, Aug. 29, 2014. The summons and complaint were served on the Plaintiff on August 26, and the initial hearing was set for September 9. Id. The Connecticut action potentially raises the issue of whether this Court should dismiss or stay the present action on grounds of comity with the Connecticut court. See Speicher v. Speicher, 2013 Guam 11 ¶¶ 21-22 (describing the comity doctrine and the factors to consider when applying it). However, the Connecticut action postdated the Defendant's motion to dismiss and the Plaintiff has not had an opportunity to argue against dismissal on comity grounds. The Court should not rule *sua sponte* on the issue of comity without giving the parties notice and an opportunity to be heard. See Yokeno v. Lai, 2014 Guam 18 ¶ 26. Therefore, the Court does not address the comity issue.

## IV. Forum Non Conveniens

The Defendant argues that the Court should dismiss the action on grounds that Guam is not a convenient forum, and that Connecticut is a more convenient forum for the litigation. Def.'s Mot. 1-2, Jun. 2, 2014. The Court must undertake a balancing analysis of the factors in favor or and against a grant of jurisdiction on grounds of forum non conveniens. See Speicher v. Speicher, 2013 Guam 11 ¶¶ 21-23. "Where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, the decision may only be reversed when there has been a clear abuse of discretion." PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 40 (citing Creative Tech., Ltd. v. Azteh Sys. Pte. Ltd, 61 F.3d 696, 699 (9th Cir. 1995)). The decision involves "weighing of a mix of private and public interests, keeping in mind that the plaintiff's choice of forum is usually to be respected." Speicher v. Speicher, 2013 Guam 11 ¶ 10 (quoting Walter Fuller Aircraft Sales, Inc., v. Republic of the Philippines, 965 F.2d 1375, 1389 (5th Cir. 1992)).

In PCI Commc'ns, the Supreme Court looked to the case Gulf Oil Corp. v. Gilbert, where the U.S. Supreme Court listed the following private factors to consider when weighing a motion to dismiss for forum non conveniens:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Gulf Oil Corp. v. Gilbert, 303 U.S. 501, 508 (1947). And when it discussed the public factors, the U.S. Supreme Court wrote:

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation...There is a local interest in having localized controversies decided at home.

Id. at 508-9.

The Plaintiff has a private interest in litigating the divorce in Guam, where he now resides. But the Defendant has an opposite interest in having the case litigated in Connecticut. Moreover, the Defendant has declared that she is unable to travel to Guam to litigate here, as one of her sons has central auditory processing disorder and another has epilepsy and requires twice daily medication to prevent seizures. Def.'s Decl. 3, May 29, 2014. The Plaintiff, on the other hand, has not similarly declared that litigation in Connecticut would be a hardship for him. If either party has to travel to conduct litigation, the prospect appears to burden the Defendant more than it does the Plaintiff. In the terms of Gulf Oil Corp., while the Court does not definitively rule that it was the Plaintiff's intent to "vex, harass, or oppress" the Defendant by filing a parallel suit in Guam, the Plaintiff's "own right to a remedy" would not be eliminated by litigation in Connecticut. This is especially the case because the only remedy this Court has jurisdiction to provide is dissolution of marriage, which may be accomplished by litigating in Connecticut as well as by litigating in Guam, and a Connecticut court may also grant remedies to the Plaintiff that this Court lacks jurisdiction to provide. Moreover, any other persons who may have to be deposed or testify are in Connecticut, where the Defendant lives with the parties' children, and not in Guam, where the Plaintiff moved due to his naval assignment. Any physical evidence that might need to be considered is likewise located on Connecticut. The litigation would be more "easy, expeditious and inexpensive," if it took place in Connecticut, and not in Guam.

With regard to public interest factors, the Supreme Court notes that "[s]tates have a strong public policy interest in the marital status of persons domiciled in their jurisdiction." Speicher v. Speicher, 2013 Guam 11 ¶ 19 (citations omitted). Further, "The power to prevent a final dissolution should be used only when necessary to preserve the authority of the court." Id. at ¶ 19 (citations omitted). If this Court hears the case, and finds the statutory requirements for granting dissolution on the basis of irreconcilable differences are met, it does not have the discretion to deny the dissolution.

But the Supreme Court also wrote that this Court has discretion, not about whether or not to grant a decree of dissolution if the statute's requirements are met, but about whether to hear the case in the first place. See id. at ¶ 23. In that light, Guam's public policy interest in the status of the parties' marriage is one point in favor of hearing the case. But Connecticut has an equal public policy interest in the marital status of its resident, the Defendant. A decree of divorce by either a Guam court or a Connecticut court would, under the Full Faith and Credit Clause, bind the other court to the result of the determination, possibly in contravention of the other jurisdiction's public policy interest. This is not an unequivocal reason to take up jurisdiction.

Moreover, looking again at the Gulf Oil Corp. factors, taking jurisdiction of this case would surely create "administrative difficulties" by "piling up litigation" in Guam. Whether or not to grant a dissolution decree is not a decision subject to a jury verdict, but the basic concern for efficiency is also relevant to bench trials. While "there is a local interest in having localized controversies decided at home," this divorce is not, at its essence, a Guam controversy. It is a Connecticut controversy in which one of the parties has moved to Guam. The "local interest," in this case, points to it being decided in Connecticut.

The U.S. Supreme Court has stated "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 303 U.S. 501, 508 (1947). But looking at and balancing the relevant private and public interest factors here, the Court finds that the balance in this case *is* strongly in favor of the Defendant. Thus, the Court finds that Guam is not a convenient forum for this divorce litigation, even when the litigation is limited to the issue of marital status and excludes issues of property, support and child custody.

**V. Sufficiency of Plaintiff's Pleading**

Because the Court grants the Defendant's motion on forum non conveniens grounds, the issue raised by the Defendant of the sufficiency of the Plaintiff's complaint under the Guam Rules of Civil Procedure and Guam statutes is moot.

CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED** this day of ___SEP 2 9 2014___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: *S. Woodley;*
*AMR*
Date: *9/29/14* Time: *5p*
Deputy Clerk, Superior Court of Guam

Page 9 of 9